IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IPVENTURE INC., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action NO. 11-588-RGA |
| | : | |
| LENOVO GROUP LIMITED, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Before the Court are motions, filed by all remaining defendants, to dismiss for failure to state a claim. (D.I. 43, 65, 70, 76, 82, 83). All motions seek dismissal of the claims of indirect infringement. Some of the motions also seek dismissal of the claims of direct infringement. Some of them further seek dismissal of some or all of the allegations of willfulness.

The Plaintiff in its Amended Complaint[1] asserts that four patents are infringed, all of which concern "thermal and power management" for "computer systems." The patents are the '668 patent (issued November 26, 2002), the '993 patent (issued January 23, 2007), the '190 patent (issued March 17, 2009), and the '599 patent (issued May 3, 2011). (D.I. 36, ¶¶ 17-20). The amended complaint is 44 pages long, but the allegations, in material respects, are very similar against all defendants.

For example, it is alleged that Dell infringes the '599 patent by selling "Dell brand

---

[1] The original complaint named Lenovo but none of the other remaining defendants. (D.I. 1).

computers."[2] (*Id.*, ¶31). It is further alleged that Dell is "actively inducing infringement and/or contributorily infringing the '599 patent." (*Id.*). Dell is further alleged to have had "actual knowledge of one or more patents in the '599 patent family no later than September 2003." (*Id.*). In support of this knowledge allegation, various facts are pled. The Plaintiff sent a notice to Dell on September 9, 2003, stating, "Dell products appear to utilize the technologies patented by [Plaintiff] and may be infringing one or more patents in the '599 patent family."[3] (*Id.*). Dell has obtained patents that "cite[] patents in the '599 patent family." (*Id.*). Bloomberg News in a July 2009 article described Plaintiff's "initiation of litigation against Sony and Panasonic based on infringement of patents in the '599 patent family." (*Id.*). Someone issued a press release in February 2011 "which described the settlement of litigation between [Plaintiff] (sic) and the fact that Sony has taken a license to patents in the '599 patent family." (*Id.*). The Plaintiff alleges that "Dell intends and intended to actively induce infringement of the '599 patent with knowledge that its products were especially adapted for use in an infringement of the '599 patent and lack substantial non-infringing uses." (*Id.*). The infringement is alleged to be willful. (*Id.*). The allegations against Dell are identical in all material respects on the other three patents. (*See id.*, ¶¶ 40, 49, 58).

Dell's motion to dismiss (D.I. 70) seeks to dismiss the claims of direct infringement, induced infringement, contributory infringement, and willfulness (as to the three patents issued

---

[2] I do not think the Amended Complaint provides any further useful information to Dell when it states that the infringing products are "Dell brand computers, including notebook computers, that contain and/or utilize thermal management apparatus and/or methods and meet the limitations of one or more claims of the '599 patent." (*Id.*). The last part of the allegation simply means the infringing products are the products that infringe. I suspect all computers have some sort of thermal management apparatus (*see* D.I. 71, at 11), and stating that the notebook computers are included does not limit the class of accused products.

[3] The actual letter, per Dell, has been filed with the Court. (D.I. 72-1, at 2).

after September 9, 2003).

The minimal allegations set forth in the four paragraphs about Dell (combined with jurisdictional allegations) are all that are required to satisfy Form 18 and to state a claim of direct infringement. *See In re Bill of Lading Transmission and Processing System Patent Litigation,* 2012 WL 2044605, *7 (Fed. Cir. June 7, 2012) ("whether [a complaint] adequately pleads direct infringement is to be measured by the specificity required by Form 18.").[4] Dell particularly complains about the description of the accused infringing products, which is so general as to be meaningless. However, as I am bound by the Federal Circuit's decision, I believe Dell's argument is insufficient since Form 18 uses as an example of the accused product "electric motors," which is analogous to "computers."

The allegations are insufficient to state a claim for indirect infringement. *See generally id.* Among other things, there is no allegation relating to direct infringement. *See id.* at *5. There is no allegation that the defendant knew about the existence of the '599 patent, *see Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S.Ct. 2060, 2068 (2011). The allegation of infringement by inducement seems to blend in contributory infringement. To the extent the allegations can be read to allege that the defendant knew that the (undescribed) induced acts constituted patent infringement, *see id.* at 2068-70, it is wholly unsupported by any factual allegation.

I believe, under the authority of *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir. 2009), that the claim of "willfulness" may be alleged generally, but that there must be facts alleged that "are sufficient to show that the plaintiff has a

---

[4] The Federal Circuit further comments, "It will not always be true that a complaint which contains just enough information to satisfy a governing form will be sufficient under *Twombly*...." *Id.* at *7 n.6. Given the citations that follow in the footnote, I do not believe this is meant to be some sort of limitation on the holding in the text.

'plausible claim for relief.'" *See id.* at 210-11. Whether the facts are sufficient is a "'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.*

The factual support for the allegations of willfulness made in connection with the '599 patent is insufficient. The '599 patent was issued on May 3, 2011. The factual allegations describe discrete events occurring from 2003 to February 2011. At most, the factual allegations plausibly support the conclusion that both the Plaintiff and Dell had patents in the thermal power and management field, but there is nothing to plausibly support the conclusion that Dell "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and that Dell knew or should have known that its actions constituted infringement of a valid patent.

Thus, as to Dell, the Motion to Dismiss (D.I. 70) is **GRANTED IN PART AND DENIED IN PART**. The claims of indirect infringement as to all patents are **DISMISSED WITHOUT PREJUDICE**, and the allegations of willfulness as to the '599, '190, and '993 patents are **DISMISSED WITHOUT PREJUDICE**. The claims of direct infringement and willfulness as to the '668 patent remain.

For similar reasons, on the other motions to dismiss, the Court rules as follows:

1. As to Lenovo, the Motion to Dismiss (D.I. 43) is **GRANTED**. The claims of indirect infringement as to all patents are **DISMISSED WITHOUT PREJUDICE**.

2. As to ASUS, the Motion to Dismiss (D.I. 65) is **GRANTED**. The claims of indirect infringement and willfulness as to all patents are **DISMISSED WITHOUT PREJUDICE**.

3. As to Acer and Gateway, the Motion to Dismiss (D.I. 76) is **GRANTED IN PART AND DENIED IN PART**. The claims of indirect infringement as to all patents, and the claims

of willfulness as to the '599, '190, and '993 patents, are **DISMISSED WITHOUT PREJUDICE**. The claim of willfulness as to the '668 patent remains.

4. As to Toshiba, the Motion to Dismiss (D.I. 82) is **GRANTED IN PART AND DENIED IN PART**. The claims of indirect infringement as to all patents, and the claims of willfulness as to the '599, '190, and '993 patents, are **DISMISSED WITHOUT PREJUDICE.** The claims of direct infringement remain.

5. As to Samsung, the Motion to Dismiss (D.I. 83) is **GRANTED IN PART AND DENIED IN PART**. The claims of indirect infringement and wilfullness as to all patents are **DISMISSED WITHOUT PREJUDICE.** The claims of direct infringement remain.

6. The Plaintiff is granted **LEAVE TO AMEND** its complaint no later than July 13, 2012. The pending motions relating to jurisdiction, severance, and transfer (D.I. 65 & 97) will not be decided until after July 13, 2012.

June 29, 2012
Date

_____
United States District Judge